IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-cv-60501-DIMITROULEAS/SNOW

DEANNA GONZALEZ,

    Plaintiff,

vs.

SPEARS HOLDINGS, INC., d/b/a
EXECUTRAIN OF SOUTH FLORIDA,
a Florida Corporation, and
AMY SPEARS, an individual,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FIRST, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, ELEVENTH, AND TWELFTH AFFIRMATIVE DEFENSES AND CLAIMS FOR ATTORNEY'S FEES**

Plaintiff, DEANNA GONZALEZ, by and through her undersigned counsel and pursuant to the Federal Rules of Civil procedure and Local Rules for the Southern District of Florida, requests the entry of an Order striking the following: (1) Defendants' First, Third, Fourth, Fifth, Sixth, Seventh, Eleventh, and Twelfth Affirmative Defenses; and (2) Defendants' demands for attorney's fees.

**I.**    **Introduction**

Plaintiff brings this action against Defendants for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA"). Plaintiff asserts, inter alia, that Defendants failed to pay Plaintiff with time and a half of her regular rate wages for hours worked in excess of forty within a work week.

In their Answer served May 22, 2009 (DE 11), Defendants assert several affirmative defenses, such as "failure to state a claim," "mitigation of damages," "waiver," and "laches"

which should be stricken because the defenses are simply insufficient as a matter of law. Additionally, Defendants make claims for attorney's fees which the FLSA clearly does not authorize, and which also must be stricken from their Answer. Additionally, pursuant to Local Rule 7.1, undersigned counsel for Plaintiff certifies that the undersigned attempted to reach counsel for the Defendants via E-Mail on May 27, 2009, to confer in a good faith effort to resolve the issues raised by the Motion. However, counsel for the Defendants never responded.

**II.     Memorandum of Law**

Fed.R.Civ.P. 12(f) provides that:

> Upon Motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon Motion made by a party within twenty (20) days after the service of the pleading upon the party or upon the Court's own initiative at any time, **the Court may order stricken from any pleading any insufficient defense** or any redundant, immaterial, impertinent, or scandalous matter.

(emphasis added).

Defendants' Answer and Affirmative Defenses, of course, is a pleading within the meaning of Fed. R. Civ. P 12(a) and (b). The Affirmative Defenses and claims for attorney's fees asserted by Defendants which are at issue in this Motion are legally deficient and thus appropriate to strike from the pleadings. Although motions to strike generally are not favored, legally insufficient defenses such as the defenses and claims raised by Defendants, should appropriately be stricken.

   **A.    Failure to State a Claim (Defendants' First Affirmative Defense)**

Defendants' First Affirmative Defense: "Plaintiff has failed to state a cause of action upon which relief may be granted…" is inappropriate and must be stricken. It is well known that

an Affirmative Defense must allege additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case. See Fed. R. Civ. P. 8; See also In re Rawson Food Service, Inc., 846 F. 2d 1343, 1349 (11th Cir. 1988) (a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense). Simply re-stating the requirements for bringing a motion to dismiss under Rule 12(b)(6) does not give additional facts, but instead attempts to point out a defect or lack of evidence in Plaintiff's case; therefore, it must be stricken. See Falzarano v. Retail Brand Alliance, Inc., U.S. Dist. LEXIS 25358 *3-4 (S.D. Fla. 2008)(citing Rawson in Order striking affirmative defense of "failure to state a claim" because the statement did nothing more than recite the standard for dismissal under Rule 12(b)(6)). Therefore, this Defense is legally insufficient and must be stricken as a matter of law.

    **B.    Plaintiff and/or Defendants Are Not Subject To and/or Exempt Under Applicable Statutes… (Defendants' Third Affirmative Defense).**

Defendants' Third Affirmative Defense: "Plaintiff and/or Defendants are not subject to and/or are exempt under applicable statutes." is inappropriate and must be stricken. It should be no surprise that the claim of exemption as a defense to an FLSA claim must be specifically pleaded or it is waived. See e.g. Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005)(citing Fed. R. Civ. P. 8(c)); Schwind v. E.W. & Associates, Inc., 357 F. Supp. 2d 691, 697-98 (S.D.N.Y. 2005); Stevenson v. Orlando's Auto Specialists, Inc., U.S. Dist. LEXIS 72362, *9 (M.D. Fla. 2008)(granting summary judgment as to exemption defense because defendant waived any such defense when it failed to plead with specificity any exemption in its Answer); See also Troxler v. Owens-Illinois, Inc., 717 F.2d 530, 532 (11th Cir. 1983). Therefore, since no specific exemption is pleaded and no facts are given in support of this affirmative defense, it also must be stricken.[1]

---

[1] Additionally, in the second portion of this Defense, Defendants claim that coverage is lacking both as to

### C.     Failure to Provide Notice (Defendants' Fourth Affirmative Defense)

Defendants' Fourth Affirmative Defense, "The action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice and or hours worked," is inappropriate and must be stricken. There are no notice requirements prior to bringing a claim under the FLSA. As a general matter, there are simply no conditions precedent to satisfy prior to a plaintiff bringing an FLSA claim. Specifically, the FLSA does not require exhaustion of administrative remedies or procedural prerequisite prior to bringing an FLSA claim. Grochowski v. Ajet Construction Corp., 2000 WL 1159640 *3 (S.D.N.Y. 2000). Accordingly, Defendants' Fourth Affirmative Defense must be stricken.

### D.     Failure to Mitigate Damages (Defendants' Fifth Affirmative Defense)

Defendants' Fifth Affirmative Defense, "Plaintiff had a duty to mitigate damages and provide notice to Defendant of hours allegedly worked," is inappropriate and must also be stricken. Plaintiffs seeking unpaid overtime and minimum wages are not required to mitigate damages. Lopez v. Autoserve, LLC, 2005 WL 3116053 *2 (N.D. Ill. 2005) (striking affirmative defense of failure to mitigate damages in Fair Labor Standards Act action because "there are no cases applying this doctrine to FLSA or the Minimum Wage Law"). See also Morrison, 434 F. Supp. 2d at 1319 (Although employees claiming wrongful discharge under Title VII or the Age Discrimination in Employment Act have a duty to use reasonable efforts to mitigate their damages, there is no requirement to mitigate overtime wages under the FLSA). Therefore, this Defense must be stricken as well.[2]

---

Defendants and Plaintiff. However, as this assertion is a redundant denial and because it fails for the same reasoning as Defendants' First Affirmative Defense, this portion of their Defense fails as well.

[2] Theoretically, if Plaintiff seeks a back-pay award, Defendants may try to claim a mitigation defense, however, if the Court does not strike this defense, Plaintiff's respectfully requests the Court require Defendant to amend the Defense so that it could apply correctly to specific counts.

### E. Waiver, Estoppel, Laches, Satisfaction, Release or Agreement (Defendants' Sixth Affirmative Defense)

Portions of Defendants' Sixth Affirmative Defense: "The action and/or the damages claimed in this action are barred by… waiver, estoppel, laches, satisfaction, release or agreement" are inappropriate and must be stricken.

First, as for the waiver defense, it is well known that a plaintiff cannot waive a claim under the FLSA. See, e.g., Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F. 2d 1350 (11th Cir. 1983); Reich v. Stewart, 121 F.3rd 400, 407 (8th Cir. 1997); Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1411 (5th Cir. 1990).

Second, as for the estoppel defense, courts repeatedly have rejected the defense of estoppel in the context of an FLSA claim. See, Burry v. National Trailer Convoy, Inc., 338 F. 2d 422 (6th Cir. 1964); Handler v. Thrasher, 191 F. 2d 120 (10th Cir. 1951); Hallemeier v. Schnuck Markets, In c., 1994 WL 171443 (D. Kan. 1994).

Third, the defense of laches is not available in an FLSA action. Herman v. Suwannee Swifty Stores, Inc., 19 F.Supp.2d 1365 (M.D. Ga. 1998) (quoting, Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946)). So long as an FLSA claim is brought within the applicable statute of limitations, then the action is not barred by laches. Id.

Fourth, the doctrines of "satisfaction, release or agreement" also frequently called "accord and satisfaction" are not available here because payment is not a defense to a FLSA claim where, as here, the plaintiff has asserted liquidated damages. Fleming v. Post, 146 F. 2d 441 (2d Cir. 1944). Additionally, it "is an agreement or settlement of an existing dispute, controversy or demand which presupposes a disagreement as to the amount due." Gamarot v. Debush, 1990 WL 304251 (N.D. Ill. 1990) (citations omitted). A transaction constitutes an accord and satisfaction only if both parties intended for it to have that effect. Id. The defense of

accord and satisfaction requires (1) a bona fide dispute; (2) an unliquidated sum; (3) consideration; (4) a shared and mutual intent to compromise the claim; and, (5) execution or satisfaction of the accord.  Id.

It is quite clear that under the facts of this case (namely, Plaintiff bringing a claim under the FLSA and asserting liquidated damages) that the bare-bones assertions of "satisfaction, release, or agreement" are not defenses at all.  Rather, they are legally insufficient both because they are inappropriate in the case at bar and because they are bare-bones, conclusory allegations that run afoul of the pleading requirements of Federal Rule 8.[3]  Therefore, waiver, estoppel, laches, satisfaction, and release or agreement are all insufficient as a matter of law and must be stricken from Defendants' Sixth Affirmative Defense.

### F. Restricted by Statute…(Defendants' Seventh Affirmative Defense)

Additionally, Defendants' Seventh Affirmative Defense, "The damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis for the cause of action," is inappropriate and must be stricken. This, too, is a bare-bones, conclusory defense without any facts to support its application to the case. Therefore, it violates FRCP 8 and must be either stricken or amended with sufficient facts to apprise the Plaintiff of the precise nature of the defense.

### G. Reservation of Rights Clause (Defendants' Eleventh Affirmative Defense)

Defendants' "reservation of rights clause" is also inappropriate and must be stricken. (Pled as Affirmative Defense #11).  A reservation of rights clause is not an affirmative defense because it does not respond to the Complaint or raise additional facts that negate Plaintiff's claims.  Curry v. High Springs Family Practice Clinic, et. al., U.S. Dist. LEXIS 99462, *13-*15

---

[3] Fed. R. Civ. P. 8(b) provides in relevant part: "A party shall state in short, plain terms the party's defenses to each claim asserted…"

(N.D. Fla. 2008)(striking reservation of rights clause that was grouped with the affirmative defenses); See also Ayers v. Consol. Construction Servs. Of S.W. Fla., Inc., U.S. Dist. LEXIS 86596, *2 (M.D. Fla. 2007)(striking reservation of rights clause pled as an affirmative defense); See also Perez-Nunez v. N. Broward Hosp. Dist., U.S. Dist. LEXIS 25557, *6 (S.D. Fla. 2009)(Order striking reservation of rights clause because it is ultimately the Court's decision whether to grant leave for Defendant to amend its Answer).  As such, Defendants' Eleventh Affirmative Defense is insufficient as a matter of law and should accordingly be stricken.

    **H.**    **Failure to Provide Requisite Notice (Defendants' Twelfth Affirmative Defense)**

Defendants' Twelfth Affirmative Defense states: "Defendant asserts that Plaintiff has failed to provide the requisite notice before bringing this action."  As addressed in Part II, C, above, there are no notice requirements prior to bringing an FLSA action.  Furthermore, and more importantly, this Defense utterly violates Federal Rule of Civil Procedure 8, as it pleads no facts which would put Plaintiff on notice as to the Defense's applicability to the case at bar.  Accordingly, this Defense must be stricken or amended to put Plaintiff on notice as to how it applies here.

    **I.**    **Defendants' Claims for Attorney's Fees**

Finally, Defendants' claims for attorney's fees are inappropriate and must be stricken. (DE 11, WHEREFORE clauses, pgs. 2-8).  The FLSA does not specifically provide attorney's fees to prevailing defendants. Kreager v. Solomon & Flanagan, P.A. 775 F.2d 1541, 1542 (11th Cir. 1985). By its express terms, §216(b) prescribes attorneys' fees ***only*** for a prevailing plaintiff and ***not*** to a defendant as a prevailing party.  Therefore, as a matter of law, Defendants' demands for attorney's fees are legally insufficient unless they are attempting to allege bad faith. See Avila v. Accurate Tile Installers, et.al., Case No.: 09-60023-CIV-JORDAN, (DE 29) (S.D. Fla.

2009) (Order striking Defendant's claim for attorney's fees absent any facts to support a bad faith allegation); See also Perez-Nunez v. N. Broward Hosp. Dist., U.S. Dist. LEXIS 25557, *6 (S.D. Fla. 2009) (Order striking claim for attorney's fees because, inter alia, Defendant must present such a claim by separate motion). As such, the demands for attorney's fees must be stricken as a matter of law.

### III.     Conclusion

For the reasons set forth above, the Affirmative Defenses which are the subject of this Motion to Strike must be stricken as legally insufficient. Moreover, Defendants' requests for attorney's fees and costs likewise are not recognized under the Fair Labor Standards Act and must also be stricken as a matter of law.

Plantation, Florida
June 1, 2009

                                        Respectfully submitted,

                                        s/Robert S. Norell
                                        Robert S. Norell, Esq.(Fla. Bar No. 996777)
                                        E-Mail: robnorell@aol.com
                                        ROBERT S. NORELL, P.A.
                                        7350 N.W. 5th Street
                                        Plantation, FL 33317
                                        Tel.: (954) 617-6107
                                        Fax: (954) 617-6018
                                        Counsel for Plaintiff

## Certificate of Service

      I hereby certify that on June 1, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     s/Robert S. Norell
               Robert S. Norell

## SERVICE LIST
CASE NO.: 09-cv-60501-DIMITROULEAS/SNOW

| | |
|---|---|
| Robert S. Norell, Esq., | Todd W. Shulby, Esq. |
| E-Mail: robnorell@aol.com | Email: tshulby@shulby.law |
| ROBERT S. NORELL, P.A. | TODD W. SHULBY, P.A. |
| 7350 N.W. 5th Street | 4705 S.W. 148th Avenue, Ste. 102 |
| Plantation, Florida 33317 | Davie, FL 33330-2417 |
| Tel: (954) 617-6017 | Tel.: (954) 530-2236 |
| Fax: (954) 617-6018 | Fax (954) 530-6628 |
| Attorney for Plaintiff | Attorney for Defendants |