UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60501-CIV-COHN/Seltzer

DEANNA GONZALEZ,

      Plaintiff,

vs.

SPEARS HOLDINGS, INC., d/b/a
EXECUTRAIN OF SOUTH FLORIDA, and
AMY SPEARS,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE is before the Court upon the Plaintiff's Motion to Strike Defendants'

First, Third, Fourth, Fifth, Seventh, Eleventh, and Twelfth Affirmative Defenses and

Claims for Attorney's Fees ("Motion to Strike") [DE 12].  The Court has carefully

considered the Motion to Strike, Defendants' Response [DE 16] and Plaintiff's Reply

[DE 17], and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff Gonzalez was employed by Defendant Spears Holdings, Inc., d/b/a

Executrain of South Florida ("Executrain"), as a client services associate.  Complaint, ¶ 4

[DE 1].  Defendant Spears is or was an owner and/or operator of Executrain.  Compl.,

¶ 6.[1]  Plaintiff brought this action against Defendants seeking overtime compensation,

unpaid minimum wages, and other relief under the Fair Labor Standards Act, 29 U.S.C.A.

_____

[1]  Defendant Executrain and Defendant Spears, collectively, will hereinafter be
referred to as "Defendants."

§ 216(b) (2009) ("FLSA"). Defendants asserted fourteen affirmative defenses and requested attorney's fees. Plaintiff now moves to strike several of Defendants' defenses and their claim for attorney's fees.

## II.  DISCUSSION

### A.  Motion to Strike Standard

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Falzarano v. Retail Brand Alliance, Inc. No. 07-81069-CIV, 2008 U.S. Dist. LEXIS 25358, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted).  An affirmative defense will be stricken only if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted).  An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters.  Royal Palm Sav. Ass'n. v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in

short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A).  Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007).

### B.  Defense of Failure to State a Claim

Defendants' First Affirmative Defense states, "Plaintiff has failed to state a cause of action upon which relief can be granted." Defendants' Answer and Affirmative Defenses, p. 8 [DE 11].  The foregoing statement is not an affirmative defense.  Rather, it is a denial, as it alleges only a defect in Plaintiff's *prima facie* case. See  In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [sic] strike the claim, but rather to treat is [sic] as a specific denial." Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608, at *3 (S.D. Fla. Aug. 21, 2007) (internal quotations and citations omitted).

Defendants' Response more specifically argues that Plaintiff failed to state a claim because she has made no attempt to show that either the individual or the enterprise is covered by the FLSA by showing that either "was engaged in commerce or in the production of goods for commerce."  Response, p.2 [DE 16]; See also 29 U.S.C.A § 207(a)(1) (2009).  Plaintiff argues that even if this affirmative defense is treated as a

3

denial, it should be stricken because Defendants, in Paragraph 5 of their answer, have already denied that Executrain "was an enterprise engaged in commerce subject to the FLSA during all or some of the time Plaintiff was employed."  Answer, ¶ 5.  While the two denials are similar, they do not completely overlap.  Therefore, the Court will treat the First Affirmative Defense as a denial and will not strike it.

### C. Not Subject to and/or Exempt

Defendants' Third Affirmative Defense states, "Plaintiff and/or Defendants are not subject to and/or are exempt under applicable statutes. Defendant was not an enterprise engaged in commerce as defined by the FLSA and did not engage in sufficient interstate activity.  Plaintiff did not personally engage in sufficient interstate activity."  Answer, p. 8. Plaintiff argues that this defense should be stricken because "no specific exemption is pleaded and no facts are given in support of this affirmative defense."  Motion to Strike at p. 3.

Defendants' response again only points out a defect in Plaintiff's *prima facie* case. The overtime and minimum wage provisions of the FLSA apply to "employers," as defined by the FLSA, and to employees "who [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." See 29 U.S.C.A. §§ 206(a)(1), 207(a)(1) (2009).  Plaintiff has alleged both individual and enterprise coverage in Paragraphs 4 and 5 of Plaintiff's complaint.  Defendants' Third Affirmative Defense denies only that Plaintiff and/or Defendants engaged in sufficient interstate activity to be governed by the statute.  Defendants do not assert any § 213 exemption which they

4

would have the burden of proving as an affirmative defense.  See Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2399-2401 (2008). Because Defendants already denied Paragraphs 4 and 5 of Plaintiff's complaint, which allege individual and enterprise coverage, respectively, the denial asserted within their Third Affirmative Defense is redundant and is therefore stricken.

### D. Failure to Provide Notice

Defendants' Fourth Affirmative Defense states, "The action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice and/or hours worked."  Answer, p. 8.  Plaintiff correctly argues that "[t]here is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to bringing suit." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005).  Accordingly, Defendants' Fourth Affirmative Defense is legally insufficient and will be stricken.

### E. Failure to Mitigate Damages and Provide Notice of Hours Allegedly Worked

Defendants' Fifth Affirmative Defense states, "Plaintiff had a duty to mitigate damages and provide notice to Defendant of hours allegedly worked."  Answer, p. 8. FLSA claimants seeking unpaid overtime and minimum wages are under no duty to mitigate damages.  Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (striking a duty to mitigate damages defense because there is no requirement to mitigate overtime wages under the FLSA); Perez-Nunez v. North Broward Hospital Dist., No. 08-61583-CIV, 2009 U.S. Dist. LEXIS 25557, at *5 (S.D. Fla. Mar. 13, 2009) (stating a duty to mitigate damages defense fails as a matter of law because FLSA

claimants are under no duty to mitigate damages).  Because there is no duty to mitigate

damages, nor, as addressed above, a duty to provide notice, the Court will strike

Defendants' Fifth Affirmative Defense.

### F. Res Judicata, Waiver, Estoppel, Laches, Satisfaction, Release, or Agreement

Defendants' Sixth Affirmative Defense states, "The action and/or the damages

claimed in this action are barred by res judicata, waiver, estoppel (collateral or

otherwise), laches, satisfaction, release or agreement."  The doctrines of waiver,

estoppel, laches, and accord and satisfaction, however, are generally not applicable to

FLSA claims. Perez-Nunez v. North Broward Hospital Dist., No. 08-61583-CIV, 2009

U.S. Dist. LEXIS 25557, at *4-5 (S.D. Fla. Mar. 13, 2009); see Lynn's Food Stores, Inc. v.

U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1983) ("FLSA rights cannot be abridged by

contract or otherwise waived" (internal quotation omitted));  Caserta v. Home Lines

Agency, Inc., 273 F.2d 943, 946-47 (2d Cir. 1959) (holding estoppel inapplicable in FLSA

cases); Herman v. Suwannee Swifty Stores, Inc., 19 F. Supp. 2d 1365, 1373-74 (M.D.

Ga. 1998) (holding an affirmative defense of laches inapplicable in an FLSA case when

the action is brought within the statute of limitations); Romero v. Southern Waste Sys.,

LLC, No. 09-80066-CIV, 2009 U.S. Dist. LEXIS 49382, at *3-4 (S.D. Fla. May 26, 2009)

(stating that the defense of accord and satisfaction is not appropriate under the FLSA

because an individual cannot waive entitlement to FLSA benefits).

Despite the general rule, a narrow exception provides that estoppel can be a valid

defense to an FLSA claim where the party asserting estoppel is not seeking to entirely

preclude the opposing party from bringing its FLSA claim.  See Merriweather v. Latrese &

Kevin Enters., Inc., No. 3:08-cv-836-J-32TEM, 2009 U.S. Dist. LEXIS 48974, at *4 (M.D. Fla. May 28, 2009) (holding estoppel is a valid defense to an FLSA claim when defendants seek to estop plaintiff from "seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time"); see also Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 0:02-cv-61667-WPD, DE 69 (holding an estoppel defense is not precluded as a matter of law where defendant disputes the amount it has already paid to plaintiff and asserts to estop plaintiff from seeking amounts already received).

Defendants provide no argument as to why the Court should depart from the general rule precluding defenses of waiver, laches, and accord and satisfaction in FLSA claims.  Further, Defendants provide no factual basis which would allow the Court to follow the limited estoppel exception.  Defendants argue that Plaintiff failed to provide to Defendants timely notification of overtime allegedly worked and, therefore, Plaintiff should be estopped from seeking such hours.  Unlike Merriweather and Tyler, Defendants herein do not assert that they have paid the overtime to which Plaintiff is entitled or that Plaintiff is entitled only to overtime reflected in employee records.  Rather, Defendants rely on a non-existent notice requirement to estop Plaintiff from recovering overtime payment to which she may be entitled.  Therefore, the Court will strike Defendants' Sixth Affirmative Defense.

## G. Statutory Restriction on Recovery

Defendants' Seventh Affirmative Defense states, "The damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis for the

cause of action." Answer, p. 9. The foregoing defense is a bare-bones conclusory defense which violates the notice pleading requirement in Rule 8. Defendants fail to assert facts which provide Plaintiff fair notice of what the affirmative defense is and the grounds upon which it rests. Fed. R. Civ. P. 8(c). Therefore, the Court will grant the motion to strike Defendants' Seventh Affirmative Defense, with leave to amend.

### H. Reservation of Rights Clause

Defendants' Eleventh Affirmative Defense states, "Defendants reserve the right to state additional affirmative defenses as discovery may reveal." Answer, p. 9. This reservation of rights clause does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims. See Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., No. 1:08-cv-00008-MP-AK, 2008 U.S. Dist. LEXIS 99462, at *15-16 (citing Ayers v. Consol. Constr. Servs. of SW Florida, No. 2:07-cv-123-FtM-29DNF, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007)). Defendants argue the clause is necessary to prevent future prejudice because Plaintiff's complaint lacks sufficient detail to allow Defendants to assert all necessary defenses currently. However, it will ultimately be for the Court to decide whether to grant leave for Defendants to later amend their answer. Because the reservation of rights clause is not a viable defense, the Court will grant the motion to strike Defendants' Eleventh Affirmative Defense. See Ayers, 2007 U.S. Dist. LEXIS 86596, at *5 (striking a reservation of rights clause asserted as an affirmative defense).

## I. Failure to Provide Requisite Notice

Plaintiff moves to strike Defendants' Twelfth Affirmative defense that "Plaintiff failed to provide the requisite notice before bringing this action." Answer, p. 9. As previously discussed, however, "[t]here is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to bringing suit." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005). Accordingly, the Court will strike Defendants' Twelfth Affirmative Defense.

## J.  Claim for Attorney's Fees

Plaintiff moves to strike Defendants' claim for reasonable attorney's fees, arguing the FLSA does not specifically provide attorney's fees to prevailing defendants.  While this is generally accurate, a defendant may recover its attorney's fees from a losing plaintiff when the plaintiff has "acted in bad faith, vexatiously, wantonly or for other oppressive reasons." Kreager v. Soloman & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (internal quotations omitted). It cannot be said at this stage that Defendants can prove no set of facts to support a future claim for attorney's fees.  Accordingly, the court will deny the motion to strike Defendants' claim for attorney's fees.

## III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Motion to Strike [DE 11] is hereby **GRANTED in part and Denied in Part**;

2.    Plaintiff's Motion to Strike is **DENIED** as to Defendant's First Affirmative Defense and Defendant's "Claim for Attorney's Fees;"

9

3.      Plaintiff's Motion to Strike is **GRANTED** as to Defendants' Third, Fourth, Fifth,

Sixth, Eleventh, and Twelfth Affirmative Defenses;

4.      Plaintiff's Motion to Strike is **GRANTED** as to Defendants' Seventh Affirmative

Defense, with leave to amend by August 10, 2009.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 31st day of July, 2009.

JAMES I. COHN
United States District Judge

copies to counsel listed on CM/ECF